**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY; SAVE RGV; THE CARRIZO/COMECRUDO NATION OF TEXAS, INC.; and SOUTH TEXAS ENVIRONMENTAL JUSTICE NETWORK, | Case No. 1:26-cv-02053-JDB |
| *Plaintiffs,* | **PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION** |
| v. | **(ORAL ARGUMENT REQUESTED)** |
| BRIAN NESVIK, in his official capacity as Director of the United States Fish and Wildlife Service, and UNITED STATES FISH AND WILDLIFE SERVICE, | |
| *Defendant,* | |
| and | |
| SPACE EXPLORATION TECHNOLOGIES CORP. | |
| *Defendant-Intervenor.* | |

Pursuant to Fed. R. Civ. P. 65(a), Plaintiffs Center for Biological Diversity, Save RGV, the Carrizo/Comecrudo Nation of Texas, Inc., and South Texas Environmental Justice Network, move for a Preliminary Injunction to preserve the status quo and prevent irreparable harm caused by the Boca Chica Land Exchange ("Exchange") between the Defendant U.S. Fish and Wildlife Service (the "Service") and Space Explorations Technologies Corp. ("SpaceX"). Plaintiffs ask this Court to enjoin the Service from executing the Exchange pending the final resolution of this case on the merits.

The Service's Region 2 Regional Director issued the Service's decision to implement the Exchange on May 21, 2026. Ex. 1, at 5. Due to the size of the Exchange, it required approval from the Service's Director, which was issued on July 13, 2026. Ex. 21, at 9. Due to the value of the Exchange, it is subject to a 30-day Congressional review period.  The Service's decision to approve and implement the Exchange, however, is complete. As stated by the Service: "After the completion of the congressional 30-day examination period, the Service's Region 2 Office will sign the land exchange agreement, opening a period for escrow and title curative actions before title transfer and completion of the exchange." Ex. 21, at 3.

The Exchange would transfer 715 acres of the Lower Rio Grande Valley National Wildlife Refuge to SpaceX, including over 700 acres of the Palmito Ranch Battlefield National Historic Landmark. The Exchange would immediately deprive Plaintiffs' members of the right to continue accessing, using, and enjoying these Refuge lands, and would allow SpaceX to immediately begin staging and construction activities that could permanently destroy a unique landscape that is protected both for its great historical and ecological value.

Since filing suit, Plaintiffs have unsuccessfully attempted to reach an agreement with Defendants that would protect Plaintiffs' and their members' interests pending resolution of the merits of Plaintiffs' claims for relief. The Service declined Plaintiffs' request to pause signing a final land exchange agreement with SpaceX, and it similarly declined Plaintiffs' request to commit to a timeline for finalizing the Exchange during which the Parties could brief—and the Court would have an opportunity to rule on—this Motion.

For these reasons, Plaintiffs believe they will be unable to protect their interests from irreparable harm, absent injunctive relief from this Court. Plaintiffs therefore now request a

2

preliminary injunction to stay the challenged Exchange until this case can be resolved on the merits.

A party requesting a preliminary injunction must establish: (1) a likelihood of success on the merits; (2) that the party "is likely to suffer irreparable harm in the absence of preliminary relief; (3) that "the balance of equities tips in [its] favor"; and (4) the injunction "is in the public interest." *Glob. Health Council v. Trump*, 153 F.4th 1, 12 (D.C. Cir. 2025) (quoting *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008)).

Plaintiffs satisfy these four factors, for the reasons laid out in the attached Memorandum and supporting exhibits and declarations. The accompanying materials lay out Plaintiffs' *prima facie* case that the Service violated federal statutes meant to protect environmental and historical resources when the agency issued its Decision approving the Exchange. These materials also explain that irreparable harm will imminently result to Plaintiffs' members who have a longstanding and recognized interest in the Refuge and the Palmito Ranch Battlefield National Historical Landmark following the implementation of this Exchange. These materials further explain why the balance of harms weighs in Plaintiffs' favor, and why the public interest will not be harmed by a short-term delay in finalizing the Exchange while this case is heard.

Under the Programmatic Agreement which is the only publicly available document providing insight into the specific terms of this Exchange, SpaceX appears to be entitled to begin clearing, staging and construction activities immediately upon the consummation of the Exchange. Ex. 7 at 10.  These activities would result in immediate and irreversible harm to the Refuge lands divested by this Exchange. Chapman Decl., ¶¶ 7, 9, 13-18; Hinojosa Decl. ¶¶ 8-9, 14; Branch Decl. ¶¶ 25, 27, 30-31. Members of the public, including Plaintiffs' members, would thereupon be excluded from public lands which they frequently visit for purposes of religious

ceremonies, wildlife-related recreation, and exploration into local history. Branch Decl. ¶¶ 26-31; Mancias Decl. ¶¶ 16-17. A preliminary injunction preserving the status quo is necessary because the irreparable harm that Plaintiffs seek to enjoin—including enclosure of public lands, destruction of a National Historical Landmark, and degradation of fragile wildlife habitat features—could be accomplished by SpaceX within in a matter of days, weeks or months. Branch Dec. ¶¶ 24, 27-31; Hinojosa Dec. ¶ 14.

Plaintiffs requested Defendants' position on this Motion via email on July 2, 2026, and Defendants conveyed that they oppose the Motion.

Plaintiffs' Motion is supported by Plaintiffs' Memorandum, the declarations of Mary Angela Branch, Jim Chapman, Juan Mancias, Bekah Hinojosa, Brett Hartl, Curt Bradley, and Brandon Jones-Cobb, as well as attached exhibits.

Accordingly, Plaintiffs respectfully request that the Court grant Plaintiffs' motion for a preliminary injunction.

Respectfully submitted on July 20, 2026.

Ivan Ditmars (D.C. Bar No. CA00243)
Center for Biological Diversity
2100 Franklin St., Suite 305
Oakland, CA 94612
Phone: 510-844-7158
Email: iditmars@biologicaldiversity.org

Brandon Jones-Cobb (WA Bar No. 64828)
(*Pro Hac Vice*)
Center for Biological Diversity
P.O. Box 30604
Seattle, WA 98113-0604
Phone: 564-397-0830, ext. 478
Email: bjonescobb@biologicaldiversity.org

*Attorneys for Plaintiffs*